No. 14,966.

PEOPLE EX REL. FRIEDMAN *v.* WEBBER,
BUILDING INSPECTOR.
(132 P. [2d] 183)

Decided December 7, 1942.

Mr. A. G. GERTZ, Mr. L. A. HELLERSTEIN, for plaintiff in error.

Mr. MALCOLM LINDSEY, Mr. ROBERT J. KIRSCHWING, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court. They are hereinafter referred to as Friedman and the Inspector, and the Board of Adjustment under the zoning ordinance of the City and County of Denver is referred to as the Board.

Friedman applied to the Inspector for a permit to construct a one story building on six vacant lots, hereinafter referred to as tract A, owned by him in a "residence A" zone. The permit was refused and he applied to the Board which sustained the Inspector. He then brought this action in mandamus and the district court held against him. To review that judgment he prosecutes this writ. Of the ten assignments three go to the admissibility of evidence. The remainder amount simply to an assertion that the judgment is contrary to the evidence. We think it is and that other questions require no answer.

Colorado Boulevard runs north and south, crossing

avenues 7 and 8 which run east and west. Tract A lies in this block on the west side of the boulevard. The lots bordering it on the north and extending to the corner of 8th Avenue are occupied by a large filling station. South of them are three small residences. Extending from these to the corner of 7th Avenue are other vacant lots. The entire east side of the boulevard between 7th and 8th Avenues is filled with business buildings housing some twelve commercial activities including a large market, a filling station, a cleaning establishment, a liquor store, a barber shop, a drug store, apartment houses, etc. For a considerable distance east and west of the boulevard on 8th Avenue are numerous business establishments, and extending some three blocks on the east side of the boulevard north from 8th Avenue is a great hospital. Further details would only emphasize the fact that the immediate vicinity of tract A is not a residence district of any grade. Broken only by two vacant lots grown to weeds it is distinctly and wholly a business district which in the course of years has been established and expanded until the sole reminders of its former state are the three residences above mentioned. No new residence has been erected on the boulevard from a block south of tract A to three blocks north in the past fifteen years. The boulevard is a through street leading north a long distance, thence merging into a main highway traversing the state to its eastern boundary. Its character is indicated by the fact that motor vehicles frequently pass tract A at a rate of more than one thousand per hour. In the twelve years preceding 1940 the assessed value of the residences referred to was reduced more than one-half. There was overwhelming evidence that the present zoning of tract A is unreasonable, and Friedman's contention is that as related thereto it is so grossly unreasonable as to be confiscatory, hence unconstitutional and void. The Inspector apparently rested his case on the reasonableness of the ordinance when passed, the detrimental effect of the erection of the

building contemplated on residence property further to the south, and that across the alley to the west, and the fact that the permit would violate the ordinance.

The zoning ordinance, which originally included property on the east side of the boulevard opposite Tract A, was amended some years ago to exclude that property. The ordinance rests upon a provision of an amendment to the city charter which provides, inter alia: "Such regulations [zoning] shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of the land." By the terms of the ordinance, business buildings, apartment houses, and family dwellings for use of more than one family, are excluded from residence A zones.

It is scarcely disputed that tract A is practically valueless for residence purposes, but of very considerable value for commercial use and this conclusion is inescapable from the admitted facts, regardless of expert testimony.

The eastern zone boundary is the center of the boulevard and much emphasis is laid by counsel for the Inspector on the fact that this is a reasonable boundary; that it is also reasonable, and frequently necessary, that one side of a street be zoned for business purposes and the opposite side for residence; and that the residence property west of and abutting on the alley running back of tract A will be injuriously affected if the permit be granted. All this is assumed. However, there must usually be some trifling injury where business and residence property abut opposite on the same alley, but that result is inseparable from zoning. Nor is Friedman's objection simply that one side of the street is zoned for business buildings and the other for residences, but that the whole section is distinctly and overwhelmingly a business section and that vacant lots, situated as tract A, are worthless for residence purposes. Neither can con-

sideration be given to the contention that the granting of this permit would in effect open that side of the block for business purposes to 7th Avenue and thereby irreparably injure valuable residence property located on the last mentioned thoroughfare. It is clear from the record that the lots cornering on 7th Avenue and the boulevard are in no respect in the same situation as tract A. That question can be dealt with when it arises.

Our conclusion is that the zoning of tract A is contrary to the charter amendment, confiscatory, and void. This appears so self-evident that authorities to support reversal would seem superfluous, but they are overwhelming and three will suffice. *Hedgcock v. People ex rel.*, 91 Colo. 155, 13 P. (2d) 264; *Hedgcock v. People ex rel.*, 98 Colo. 522, 57 P. (2d) 891; *Averne Bay Construction Co. v. Thatcher,* 278 N.Y. 222, 15 N.E. (2d) 587, 117 A.L.R. 1110.

The judgment is accordingly reversed and the cause remanded with directions to enter judgment for plaintiff in error.